DAVID K. WILLINGHAM (SBN 198874)
dwillingham@kslaw.com
ARWEN R. JOHNSON (SBN 247583)
arwen.johnson@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

JEFFREY J. ELLIS (admitted *pro hac vice*)
jeff.ellis@clydeco.us
CLYDE & CO US LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174
Telephone: (212) 710-3900
Facsimile: (212) 710-3950

AUTUMN E. LEWIS (SBN 295584)
autumn.lewis@clydeco.us
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650

Attorneys for Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Delta Air Lines, Inc. | Lead Case No. LA CV20-00786 JAK (SKx) |
| FRANKIE LOMAS, ROXANDA YANCOR, JOSE ALVARADO, and MARIA ALVARADO, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC. a Delaware Corporation<br><br>Defendant. | **AMENDED STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE STEVE KIM]**<br><br>The Honorable John A. Kronstadt |

1.   A.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.   GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets and other valuable policies and procedures, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted[1]. Such confidential and proprietary materials and information consist of, among other things, "Export Controlled information," information related to the Aviation Safety Action Programs ("ASAP"), which is protected as confidential under 49 U.S.C. § 40123, 14 CFR part 193, and FAA Order 8000.82,  confidential business or financial information, information regarding confidential business practices, or other confidential policies and procedures, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or

---

[1] It is agreed between all parties that this Protective Order does not exclusively govern material deemed by the Transportation Safety Administration ("TSA") to be Sensitive Security Information ("SSI"). Additional security and disclosure requirements for such materials as set forth by applicable laws and regulations and/or as directed by the TSA will also be applicable.

otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential or highly confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action:   all cases presently known and consolidated and all cases presently unknown and to be consolidated in the matter of In Re Delta Air Lines, Inc., Lead Case No. LA CV20-00786 JAK (SKx).

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that constitute, contain, reflect, or disclose: (1) a "trade secret" or other confidential research, development, or commercial information that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G); (2) information that may be protected from disclosure under a party's or third party's privacy rights; and (3) information that otherwise may qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  ASAP-related information (regardless of how it is generated,

stored or maintained) or ASAP-related tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only. Highly Confidential – Attorneys Eyes Only information is limited to ASAP-related information or items. This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Amended Stipulated Protective Order.

2.5   "Trade Secret":  A Party or Non-Party, in designating information as "CONFIDENTIAL" because it contained a "Trade Secret," shall designate only information that meets the definition of trade secret contained in 18 U.S.C.A. § 1839 (West): the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –

(A)   the owner thereof has taken reasonable measures to keep such information secret; and

(B)   the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

2.6   "EXPORT CONTROLLED" Information:   information subject to Export Control including U.K. Export Control Laws shall include PL9009 of Schedule 3 of the Export Control Order of 2008 (UK Dual Use List); U.S. Export Control regulations shall include the Export Administration Regulations (EAR) (15

C.F.R 730-774); and any other applicable export, import, and sanctions laws, regulations, orders, and authorizations noted on the specific documents.

2.7   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.8   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "EXPORT CONTROLLED" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10   <u>Protected Personal Data</u>:  Any Disclosure or Discovery Material that contains personal data about individuals with data subject rights under foreign data protection laws, including but not limited to the European Union's General Data Protection Regulation ("GDPR") (Regulation (EU) 2016/679) and member state analogues, such as the United Kingdom's Data Protection Act 2018.

2.11   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.12   *House Counsel*:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.13   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.14   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have

appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.15   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.16   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.17   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "EXPORT CONTROLLED" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.19   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

This Protective Order shall cover not only Protected Material (as defined above), but also shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during this Action, including (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials are never to be used or referenced in any other matter. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify so that non-confidential materials are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the "CONFIDENTIAL" legend, the "EXPORT CONTROLLED, and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, to each document that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "EXPORT CONTROLLED," and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "EXPORT CONTROLLED," and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each document that contains Protected Material.

(b)     for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony or by letter no later than thirty (30) calendar days after the court reporter provides the parties with the final deposition transcript. If any portion or all of a deposition transcript is designated as "CONFIDENTIAL," "EXPORT CONTROLLED" and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the court reporter shall label the cover page of the original and one copy of

the transcript to state that Confidential Information is contained therein, and shall label as "CONFIDENTIAL," "EXPORT CONTROLLED," and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" each page of the transcript and/or exhibits to the deposition transcript that constitute Confidential, "EXPORT CONTROLLED," and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information. Confidential, "EXPORT CONTROLLED," and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations of transcripts or portions thereof, apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript or portion thereof prior to the expiration of the 30-day period as "DO NOT DISCLOSE – SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Deposition transcripts or portions thereof will be treated as Confidential Information until expiration of the 30-day period. If any party does not designate the transcript as "CONFIDENTIAL," "EXPORT CONTROLLED," and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either at the time of the deposition or within the 30-day period defined above, no portion of the entire transcript will be deemed "CONFIDENTIAL" and the "DO NOT DISCLOSE – SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend shall be removed. The 30-day period may not be extended without mutual agreement of the Parties.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "EXPORT CONTROLLED" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Limitation on HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designations.     The information that may be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is only that produced and so-designated by Non-Parties and/or that for which such a designation is required of a Party pursuant to confidentiality agreements with Non-Parties in order for the materials to be produced

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.     Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.     The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Processing of Protected Personal Data. The Parties recognize that, to the extent Protected Personal Data is implicated in disclosed materials, that the GDPR and other data protection laws may apply and have extra-territorial effect. Processing (as defined in the GDPR or other applicable statutes) of Protected Personal Data should be performed with consideration of the sensitivity of the information, and weighed against the risks and impact to the data subjects to whom the Protected Personal data relates. The Parties further agree to:

(a)    Ensure that there is a lawful basis for Processing the Protected Personal Data;

(b)    Limit Processing of Protected Personal Data to items necessary for the establishment, exercise, or defense of legal claims or defenses;

(c)    Make reasonable efforts to avoid excess, duplicative, or unnecessary Processing and use of Protected Personal Data;

(d)    In the event that particularly sensitive "special category" data (as defined in the GDPR or other applicable data protection laws) is disclosed, take appropriate measures to redact any irrelevant special category data; and

(e)    Implement technical and organizational measures to protect Protected Personal Data from unauthorized access or use;

The Parties recognize that the data subjects to whom the Protected Personal Data relates may potentially seek to raise with the Court (or through other legal channels, foreign and domestic), any alleged or potential violation of their rights under the GDPR and other applicable data protection laws.

7.3 <u>Disclosure of "CONFIDENTIAL" or "EXPORT CONTROLLED" Information</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "EXPORT CONTROLLED" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  In the event a deponent does not sign Exhibit A prior to the commencement of his or her deposition, no information designated as "CONFIDENTIAL" shall be shown to the deponent and his or her deposition shall not be considered complete until the deposing party has

an opportunity to raise the issue with the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Amended Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4    Material designated as "EXPORT CONTROLLED" may only be released, disclosed, or made accessible to, in accordance with the applicable regulation, law or authority. Before material designated as "EXPORT CONTROLLED" is disclosed to any person, each such person must agree to be bound by this Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A). In addition to other requirements of this Order, by accepting material designated with the "EXPORT CONTROLLED" legend, the Receiving Party represents and warrants that he/she/it will comply with all applicable export, import, and sanctions laws, regulations, orders, and authorizations.

7.5    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     Outside Counsel for any party hereto, all partners, associates, or of-counsel attorneys of Outside Counsel's law firm, and paralegals, assistants, and stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates, or of-counsel attorneys.

(b)     Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c)     Experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the Expert's or consultant's opinions, provided that disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to such Experts or consultants shall be made only on the following conditions:

(1)     Prior to any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information being disclosed to any Expert or consultant, Counsel shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Amended Stipulated Protective Order.

(2)     In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

(d)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the court.  In the event a deponent does not sign Exhibit A prior to the commencement of his or her deposition, no information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be shown to the deponent and his or her deposition shall not be considered complete until the deposing party has an opportunity to raise the issue with the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Amended Stipulated Protective Order; and

(e)     Any other person agreed to in writing by the Designating Party or allowed through Court Order, who has, prior to the disclosure of such information, signed the statement attached hereto as Exhibit "A."

7.6     A copy of any signed Exhibit "A" shall be provided by the Receiving Party's counsel to the Designating Party's counsel

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "EXPORT CONTROLLED," and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "EXPORT CONTROLLED," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing

in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "EXPORT CONTROLLED" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

### 12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected

Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in this Action. Nothing contained in this Order, or any action taken pursuant to it, shall waive or impart any party's right to assert claims of privilege or work product protection, or the right of any party to object to the relevancy or admissibility of documents or information sought or produced to assert objections to requested discovery on grounds other than Confidential Information. This Protective Order also shall not affect or create any presumption with respect to the right of any party from seeking or obtaining additional protection with respect to any documents, material, or information where allowed by law.

15.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 20, 2022                McNICHOLAS & McNICHOLAS, LLP
                                       */s/ Jeffrey R. Lamb*
                                       Matthew S. McNicholas, Esq.
                                       Jeffrey R. Lamb, Esq.
                                       Attorneys for PERSONAL INJURY PLAINTIFFS


Dated:  October 20, 2022               THE X-LAW GROUP, P.C.
                                       */s/ Carlos X. Colorado*
                                       Filippo Marchino, Esq.
                                       Carlos X. Colorado, Esq.
                                       Thomas E. Gray, Esq.
                                       Attorneys for CLASS PLAINTIFFS

Dated:  October 20, 2022               KING & SPALDING LLP
                                       */s/ Arwen R. Johnson*
                                       David K. Willingham
                                       Arwen R. Johnson

                                       CLYDE & CO US LLP
                                       Jeffrey J. Ellis
                                       Keven R. Sutherland
                                       Autumn E. Lewis
                                       David F. Knapp
                                       Orla M. Brady

                                       Attorneys for Defendant Delta Air Lines, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  October 20, 2022

Honorable Steve Kim
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on _____ [date] in the case of *In re Delta Air Lines. Inc.*, United States

District Court – Central District of California, Lead Case No. LA CV20-00786 JAK

(SKx) agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

21

AMENDED STIPULATED PROTECTIVE ORDER